**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JESUS EDUARDO LUCERO FLORES,**<br><br>***Petitioner*,**<br>**v.**<br><br>**DAVID VENTURELLA,** *in his official capacity as the Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement*;<br>**WARDEN OF CAMP EAST MONTANA DETENTION CENTER,** *in his official capacity*;<br>**JOEL GARCIA,** *in his official capacity as Field Office Director of the ICE El Paso Field Office of Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security*;<br>**MARKWAYNE MULLIN,** *in his official capacity as Secretary, U.S. Department of Homeland Security*; **and**<br>**TODD BLANCHE,** *in his official capacity as Attorney General of the United States*,<br><br>***Respondents*.** | § § § § § § § § § § § § § § § § § § § § § § § § § | **EP-26-CV-01161-DCG** |

**<u>ORDER</u>**

Respondents claim that they released Petitioner Jesus Eduardo Lucero Flores from custody on August 13, 2026.[1] If that's correct, this case may well be moot.[2]

---

[1] Resp., ECF No. 7, at 1.

[2] *See, e.g.*, *E.G.V.A. ex rel. Vimos Rivera v. Sanchez*, No. 1:26-cv-02258, 2026 WL 2254646, at *2 (S.D.N.Y. Aug. 5, 2026) (noting that "a habeas corpus petition seeking release from immigration custody is generally mooted upon release").

The Court therefore **ORDERS** Petitioner's counsel to **INFORM** the Court by **December 1, 2026** whether she agrees that this case is moot—and, if not, why.

If Petitioner's counsel agrees that this case is moot—or if she fails to respond to this Order by the deadline above—the Court will dismiss the case without prejudice.[3] Otherwise, the Court will take further appropriate action accordingly.

At least for the time being, this case shall **REMAIN OPEN**.

**So ORDERED and SIGNED this 16th day of November 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

[3] *See, e.g.*, *Lamle v. Eads*, 134 F.4th 562, 566 (10th Cir. 2025) (noting that a dismissal on mootness grounds should be "without prejudice" "[b]ecause mootness is jurisdictional").